IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN AKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-2725 |
| v. | ) | |
| | ) | |
| U.S. BANK, NATIONAL ASSOCIATION; and J.P. MORGAN MORTGAGE ACQUISITION TRUST, 2006-WMC3, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-WMC3, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff John Akins sues Defendants for fraud and wrongful foreclosure.

Before the Court is the November 15, 2018 Motion to Dismiss filed by Defendant U.S. Bank, National Association ("U.S. Bank, NA"), in its capacity as trustee of Defendant J.P. Morgan Mortgage Acquisition Trust, 2006-WMC3, Asset Backed Pass-Through Certificates, Series 2006-WMC3 (the "Trust") (collectively "U.S. Bank"). (ECF No. 9.) Akins responded on December 17, 2018. (ECF No. 11.) U.S. Bank replied on December 31, 2018. (ECF No. 13.)

For the following reasons, U.S. Bank's Motion to Dismiss is GRANTED.

**I. Background**

This action arises from U.S. Bank's attempted foreclosure on Akins's home. (Compl., ECF No. 1-1 ¶ 6.) Akins represents that a foreclosure sale is "imminent," and he seeks to enjoin the sale. (Id. ¶ 6.)

On May 24, 2006, Akins obtained a mortgage loan from WMC Mortgage Corp. (Id. ¶ 3.) Akins executed a promissory note in favor of WMC (the "Note"). (Id.; Note, ECF No. 9-2.) Akins also executed a deed of trust, which identified WMC as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee" for the lender, the lender's successors and assigns, and the beneficiary of the deed of trust (the "Deed of Trust"). (Deed of Trust, ECF No. 9-3.) The Shelby County Register recorded the Deed of Trust on May 26, 2006. (ECF No. 9-3 at 75.) An undated endorsement in blank purportedly signed by an assistant secretary for WMC appears on the last page of the Deed of Trust. (See id. at 55.)

On June 14, 2009, Akins filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee. (See Bankr. ECF No. 1.)[1] On

---

[1] Citations to (Bankr. ECF No. ##) refer to Akins's 2009 bankruptcy proceeding, In re Akins, No. 09-26363-DSK (Bankr. W.D. Tenn.).

2

July 31, 2009, Chase Home Finance LLC ("Chase") filed a proof of claim. (ECF No. 9-5.) Chase represented that it was filing "as the servicing agent for U.S. Bank National Association, MERS as nominee." (Id. at 109.) The claim amount was $69,664.17, including $12,672.65 in arrears. (Id.) Copies of the Note and Deed of Trust were attached to the proof of claim. (Id. at 111–29.) Akins did not object to Chase's proof of claim. See Docket Sheet for In re Akins, No. 09-26363-DSK (Bankr. W.D. Tenn.). On September 4, 2009, the Bankruptcy Court confirmed the Chapter 13 plan. (Bankr. ECF No. 14.) Based on his failure to make plan payments, however, the court dismissed Akins's bankruptcy on August 5, 2010. (Bankr. ECF No. 24.)

On August 4, 2015, MERS executed a Corporate Assignment Deed of Trust assigning the Deed of Trust to "U.S. Bank National Association as trustee for J.P. Morgan Mortgage Acquisition Trust, 2006-WMC3, Asset Backed Pass-Through Certificates, Series 2006-WMC3 . . . ." (the "Corporate Assignment") (ECF No. 9-7 at 137.) The Corporate Assignment was recorded with the Shelby County Register on August 10, 2015. (Id. at 139.) Charlene Brown signed the Corporate Assignment on behalf of MERS as assistant secretary. (Id. at 137.)

On October 10, 2018, Akins filed his Complaint in the Tennessee Chancery Court for the Thirtieth Judicial District at Memphis. (Compl., ECF No. 1-1.) Akins disputes the legality of

3

the assignment of the Deed of Trust and contends that U.S. Bank has no authority to foreclose on his home. (See generally id.) He brings claims for fraud and wrongful foreclosure. (Id.) Akins seeks (1) damages for the "potential loss of his home . . . which he values at $85,000.00"; (2) damages for payments that U.S. Bank lacked the authority to collect; (3) "[d]amages for Fraud in the amount of $250,000.00"; (4) costs and attorney's fees; (5) a declaratory judgment that U.S. bank lacks the standing to foreclose; (6) injunctive relief; and (7) to set aside any potential foreclosure sale. (Id.)

Akins filed an Amended Complaint on February 20, 2019. (ECF No. 20.) On January 25, 2019, the Court entered a scheduling order, setting February 8, 2019, as the deadline to file amended pleadings. (Scheduling Order, ECF No. 18.) Akins filed his Amended Complaint after that date without seeking leave. (ECF No. 20.) Under Federal Rule of Civil Procedure 16(b), once the deadline to amend pleadings set out in the court's scheduling order passes, a plaintiff must show good cause for failing to file a timely amendment before a court will consider whether further amendment is proper. See Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). Akins has not done so. The Court will not consider Akins's proposed Amended Complaint.

## II. Jurisdiction

On October 18, 2018, U.S. Bank filed a Notice of Removal, removing the case to this Court. (ECF No. 1.) The Notice of Removal asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a), making removal proper under 28 U.S.C. § 1441(a). As the removing party, U.S. Bank bears the burden of establishing federal jurisdiction. Mason v. Lockwood, Andrews & Newnam, P.C., 842 F.3d 383, 389 (6th Cir. 2016)

U.S. Bank, NA is national banking association. (ECF No. 1 ¶ 9.) A national banking association is a corporate entity "chartered not by any State, but by the Comptroller of the Currency of the U.S. Treasury." Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). For purposes of diversity, a national banking association is a citizen of the "State designated in its articles of association as its main office." Wachovia, 546 U.S. at 318 (citing 28 U.S.C. § 1348). Although "in almost every case, . . . the location of a national bank's main office and of its principal place of business [will] coincide," a national bank is not a citizen of the state in which its principal place of business is located, if that state differs from the location of its main office. Id. at 317 n.9 (2006). The Notice of Removal asserts that U.S. Bank, NA has its principal place of business in Minneapolis, Minnesota, but does not identify the

state designated as the bank's main office in its articles of association.

Ordinarily, the party invoking federal jurisdiction must affirmatively plead the necessary jurisdictional elements. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010). U.S. Bank's failure to establish complete diversity is grounds for remand to the state court. Under Rule 201 of the Federal Rules of Evidence, however, a court may take judicial notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Although U.S. Bank has not asked the Court to take judicial notice of the location of its main office, a court "may take judicial notice on its own." Fed. R. Evid. 201(c)(1). A national bank's articles of association and the location of its main office can be judicially noticed. See U.S. Bank, N.A. for Registered Holders of ML-CFC Commercial Mortg. Tr. 2007-7 v. Miller, No. CV 12-05632 MMM, 2013 WL 12183653, at *5 (C.D. Cal. Jan. 16, 2013); Sami v. Wells Fargo Bank, No. C 12–00108 DMR, 2012 WL 967051, *2 (N.D. Cal. Mar. 21, 2012).

Based on records published online by the Office of the Comptroller of the Currency, the main office designated in U.S. Bank, NA's articles of association is in Cincinnati, Ohio. See National Banks Active As Of 2/28/2019, https://www.occ.treas.gov/topics/licensing/national-banks-fed-

6

savings-assoc-lists/national-by-name-pdf.pdf. U.S. Bank, NA is a citizen of Ohio.

When an entity is sued in its capacity as the trustee of a trust, the citizenship of the trustee controls for diversity purposes. See Homfeld II, LLC v. Comair Holdings, Inc., 53 F. App'x 731, 732 (6th Cir. 2002); Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464–66 (1980). Because U.S. Bank, NA's citizenship is imputed to it, the Trust is also a citizen of Ohio. Plaintiff Akins is a resident and citizen of Tennessee. (ECF No. 1 ¶ 9; see also ECF No. 1-1 ¶ 1.) The parties are completely diverse.

Akins alleges that the amount in controversy exceeds $75,000. (ECF No. 1 ¶ 8; ECF No. 1-1 ¶ 39.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Charvat v. NMP, LLC, 656 F.3d 440, 447 (6th Cir. 2011). The requirements of diversity jurisdiction are satisfied.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A Rule 12(b)(6) motion permits the defendant "to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Campbell v. Nationstar Mortg., 611 F. App'x 288, 291

7

(6th Cir. 2015) (quotation omitted). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).

A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." Id.

**IV. Analysis**

   **A. Materials Outside the Pleadings**

Akins argues that U.S. Bank's Motion to Dismiss is improperly based on material outside the pleadings that should not be considered. (ECF No. 11-1 at 152–53.) Akins does not specify what material U.S. Bank cites that is not properly before the Court.

For the purposes of this Order, the Court has considered the following documents outside the pleadings: (1) the Note (ECF No. 9-2); (2) the Deed of Trust (ECF No. 9-3); (3) Chase's proof of claim filed during Akins's bankruptcy proceeding (ECF No. 9-5); (4) the Corporate Assignment assigning the Deed of Trust to U.S. Bank; and (5) docket entries from Akins's 2009 Chapter 13 bankruptcy proceeding (In re Akins, No. 09-26363-DSK (Bankr. W.D. Tenn.)).

Ordinarily, a court may consider only the pleadings on a motion to dismiss under Rule 12(b)(6). See Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008) (holding that consideration of matters outside the pleadings requires conversion of the Rule 12(b)(6) motion to a motion for summary judgment) (citing Fed. R. Civ. P. 12(d)). Certain documents attached to the pleadings and the motion to dismiss may be

considered part of the pleadings. Commercial Money Ctr., Inc. v. Ill. Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10 (c)). If a document is "referred to in the pleadings and is integral to the claims," it may be considered without converting a motion to dismiss to one for summary judgment. Id. at 335–36. The Court may consider the Note, the Deed of Trust, Chase's proof of claim, and the Corporate Assignment because those documents are attached to U.S. Bank's Motion to Dismiss, they are referred to in the Complaint, and they are integral to Akins's claims.

On a motion to dismiss under Rule 12(b)(6), the Court may also consider "matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The Court may take judicial notice of the filings in Akins's bankruptcy proceeding. See Buck v. Thomas M. Cooley Law Sch., 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment."); see also In re Hamady Bros. Food Mkts., 110 B.R. 815, 817 (E.D. Mich. 1990) ("[T]here is ample case law authorizing the Court to take judicial notice of the bankruptcy court's orders[.]").

### B. Res Judicata

U.S. Bank argues that Akins's claims are barred by the res judicata effect of Akins's 2009 Chapter 13 bankruptcy proceeding.

10

(ECF No. 9-1 at 45–46.) Akins responds that his claims are not barred because: (1) the bankruptcy proceeding was not between the same parties as the parties to this suit; (2) the same cause of action was not asserted in both cases; and (3) the Bankruptcy Court did not issue a final judgment on the merits adjudicating Akins's present claims.

Because the judgment of the Bankruptcy Court is a federal judgment, the res judicata effects of that judgment are determined by federal law. See Hamilton's Bogarts, Inc. v. Michigan, 501 F.3d 644, 650 (6th Cir. 2007). A claim is barred by res judicata if the following elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. In re HNRC Dissolution Co., No. 18-5674, 2019 WL 326484, at *7 (6th Cir. Jan. 24, 2019) (citing Browning v. Levy, 283 F.3d 761, 771 (6th Cir. 2002)). It has long been established that the "[n]ormal rules of res judicata . . . apply to the decisions of the bankruptcy courts." In re Enyart, 509 F.2d 1058, 1061 (6th Cir. 1975).[2]

---

[2] The term "res judicata" is at times used to refer to claim preclusion, and contrasted with the term "collateral estoppel," used to refer to issue preclusion. See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918

**1. Final Judgment on the Merits**

The parties dispute whether the Bankruptcy Court's order confirming Akins's Chapter 13 plan constitutes a final judgment on the merits. Eleven U.S.C. § 1327(a) provides that the "provisions of a confirmed plan [under Chapter 13] bind the debtor and each creditor . . . ." Under § 1327(a), the "confirmation of a Chapter 13 plan is . . . an adjudication of litigation over the issues of the classification and treatment of claims provided for in a proposed Chapter 13 plan, and is res judicata on those issues.'" In re Parmenter, 527 F.3d 606, 609 (6th Cir. 2008) (quotation omitted); see also In re Shultz, 347 B.R. 115, 2006 WL 1407466, *3 (6th Cir. BAP 2006) (table opinion) (order confirming Chapter 13 plan is final judgment on the merits).

That Akins's Chapter 13 petition was ultimately dismissed for failure to make plan payments is not to the contrary. Although discharge is not complete until all payments have been made, the confirmed plan established all of the rights and duties of the parties. The confirmation of Akins's Chapter 13 plan was a final judgment on the merits by a court of competent jurisdiction.

---

F.2d 658, 660–61 (6th Cir. 1990). At other times, the term "res judicata" is used to refer to both claim preclusion and issue preclusion. See Arangure v. Whitaker, 911 F.3d 333, 337 (6th Cir. 2018). Here, the parties use the term "res judicata" in the former sense, to refer to claim preclusion only. The Court addresses claim preclusion only.

## 2. Identity of the Parties

For res judicata to apply, a second action must be between the same parties, or their privies, as the first. The Sixth Circuit defines a party in privity as "a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented." <u>Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.</u>, 973 F.2d 474, 481 (6th Cir. 1992). In the context of bankruptcy matters, all participants in the bankruptcy proceedings, not just the formally named parties, "are barred by res judicata from asserting matters they could have raised in the bankruptcy proceedings." <u>In re Micro-Time Mgmt. Sys., Inc.</u>, 983 F.2d 1067 (6th Cir. 1993). Indeed, "creditors . . . must also be considered parties for res judicata purposes." <u>Sanders</u>, 973 F.2d at 480. Courts should interpret the "same parties" requirement broadly in the bankruptcy context. <u>Id.</u> at 481. Affording bankruptcy court decisions a narrow res judicata effect would undermine the finality of bankruptcy court judgments and would "run counter to the provisions [of the Bankruptcy Code] which outline the effect of plans and offer methods for challenging the bankruptcy orders." <u>Id.</u>

Akins argues that "[t]he creditor listed in the Bankruptcy is J.P. Morgan Chase Home Finance LLC. Neither U.S. Bank, N.A, nor [the Trust], were parties to that bankruptcy." (ECF No. 11-

13

1 at 158.) He contends that the parties in the two cases are not the same and that res judicata does not apply. (Id.)

Chase acted as the loan servicing agent for U.S. Bank during Akins's bankruptcy. (See Proof of Claim, ECF No. 9-5.) Privity exists between a lender and its loan servicing agent. See Harris v. Ocwen Loan Servicing, LLC, No. 17-5399, 2017 WL 8791308, at *3 (6th Cir. Nov. 22, 2017) (holding that current and prior loan servicers are in privity with the mortgage lender for the purposes of res judicata); Pace v. Deutsche Bank Nat'l Tr. for First Franklin Mortg. Loan Tr. 2006-FF16, Asset-Backed Certificates, Series 2006-FF16, No. 2:18-CV-195, 2018 WL 4334614, at *5 (S.D. Ohio Sept. 11, 2018) ("For the purpose of claim preclusion, loan servicers are in privity with lenders."). Assuming U.S. Bank was not a party to Akins's 2009 bankruptcy proceeding, Chase was a party to that proceeding as U.S. Bank's privy. There is an identity of the parties.

Akins argues that U.S. Bank cannot have been a party to the 2009 bankruptcy because it did not receive its right to enforce the Deed of Trust until the Corporate Assignment was executed in 2015. (ECF No. 11-1 at 159.) Akins's argument is not well-taken. Chase filed a proof of claim during Akins's bankruptcy stating that it was filing "as the servicing agent for U.S. Bank National Association, MERS as nominee." (ECF No. 9-5 at 109.) Akins did not object to Chase's proof of claim. The Bankruptcy

Court later ordered Akins to make mortgage payments to Chase. (Bankr. ECF No. 14.) U.S. Bank was Akins's mortgage creditor at the time of Akins's 2009 bankruptcy case.

To the extent Akins argues that the parties in the two actions are not the same because the Trust was not a party to the bankruptcy, that contention cannot be sustained. Privity exists when the interests of a nonparty are adequately represented by a party in the initial action. See Sanders, 973 F.2d at 481. As trustee, U.S. Bank, NA adequately represents the Trust's interest. Cf. Venture Glob. Eng'g, LLC v. Satyam Comput. Servs. Ltd., No. 10-15142, 2012 WL 12897904, at *7 (E.D. Mich. Mar. 30, 2012) (determining that a trust, which was not a named party in an earlier arbitration, was in privity with its trustee, a named party to the arbitration, and thereby precluded from relitigating arbitrated claims).

3. **Claims Litigated or that Could Have Been Litigated in Prior Action**

Unlike a typical lawsuit, where one party brings an action against another, a bankruptcy proceeding provides a single forum in which multiple parties decide how to allocate a debtor's assets. See In re Piper Aircraft Corp., 244 F.3d 1289, 1299 (11th Cir. 2001) (observing that, because of the unique nature of bankruptcy proceedings, "different res judicata considerations may come into play when the first case is a

bankruptcy proceeding"). In the bankruptcy context, instead of considering whether a subsequent lawsuit asserts claims that could have been brought as part of a previous lawsuit, courts have assessed whether a new action seeks to bring claims that could have been raised within the scope of the bankruptcy proceeding. See, e.g., In re HNRC Dissolution Co., 585 B.R. 837, 848 (B.A.P. 6th Cir. 2018), aff'd, No. 18-5674, 2019 WL 326484 (6th Cir. Jan. 24, 2019).

The Chapter 13 plan provided that Akins would make direct monthly mortgage payments to Chase, and that he would cure prepetition mortgage arrearages by paying under the plan. (Bankr. ECF No. 14 at 3.) To the extent Akins argues that U.S. Bank and its agents do not have legal authority or standing to foreclose on his home, he could have asserted that claim in his bankruptcy proceeding. See Walton v. Carrington Mortg. Servs., LLC, No. 1:17-cv-0330-TRM (E.D. Tenn. 2018); In re Richmond, 534 B.R. 479, 488 (Bankr. E.D.N.Y. 2015) (debtor argued mortgagee lacked standing to foreclose or to file a proof of claim). It is undisputed that Akins did not challenge U.S. Bank's standing to enforce the Note and Deed of Trust. Akins could have raised that claim in the earlier action and failed to do so.

### 4. Identity of Claims

Res judicata requires an identity of claims. Identity of claims exists when "the claims arose out of the same transaction

or series of transactions, or if the claims arose out of the same core of operative facts." <u>Trs. of Operating Eng'rs. Local 324 Pension Fund v. Bourdow Contracting, Inc.</u>, No. 18-1491, 2019 WL 1290197, at *10 (6th Cir. Mar. 21, 2019) (quotation omitted).

Akins's 2009 bankruptcy proceeding addressed Akins's mortgage loan and U.S. Bank's right to receive payments for the loan. Akins's instant claims against U.S. Bank for fraud and wrongful foreclosure challenge U.S. Bank's right to receive mortgage payments and to exercise its contractual right of foreclosure. Both Akins's bankruptcy case and this lawsuit pertain to his mortgage loan and U.S. Bank's right to receive payments on that loan. There is an identity of claims.

* * *

The four elements of res judicata are satisfied. Akins's claims against U.S. Bank for fraud and wrongful foreclosure are barred. U.S. Bank's Motion to Dismiss is GRANTED

## V. Conclusion

For the foregoing reasons, U.S. Bank's Motion to Dismiss is GRANTED.

So ordered this 4th day of April, 2019.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE