# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN AKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-02725-SHM-dkv |
| ) | |
| U.S. BANK, NATIONAL ) | |
| ASSOCIATION; and J.P. MORGAN ) | |
| MORTGAGE ACQUISITION TRUST, ) | |
| 2006-WMC3, ASSET BACKED PASS- ) | |
| THROUGH CERTIFICATES, SERIES ) | |
| 2006-WMC3, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff John Akins sued Defendant U.S. Bank, National Association, in its capacity as trustee of Defendant J.P. Morgan Mortgage Acquisition Trust, 2006-WMC3, Asset Backed Pass-Through Certificates, Series 2006-WMC3 (collectively, "U.S. Bank") for fraud and wrongful foreclosure. (ECF No. 1-1.) On April 4, 2019, the Court dismissed Akins's claims and entered judgment. (ECF Nos. 25-26.)

Before the Court are two post-judgment motions: (1) Akins's May 6, 2019 Motion for Relief from Judgment Pursuant to F.R.C.P. 60(b)(2) and 60(b)(6); and (2) Akins's May 6, 2019 Motion to

Amend the Complaint. (ECF Nos. 27-28.) U.S. Bank responded to both motions on May 24, 2019. (ECF Nos. 33-34.)

For the following reasons, Akins's post-judgment motions are DENIED.

**I.  Background**

This action arose from U.S. Bank's attempted foreclosure on Akins's home. (ECF No. 1-1 ¶ 6.) Akins represented that a foreclosure sale was "imminent" and sought to enjoin the sale. (Id.)

On May 24, 2006, Akins obtained a $64,000 mortgage loan from WMC Mortgage Corporation ("WMC"). (Id. ¶ 3; ECF No. 9-2 at 1.) Akins executed a promissory note in favor of WMC (the "Promissory Note"). (ECF No. 9-2.) An undated endorsement in blank purportedly signed by Alex Arguello, an assistant secretary for WMC, appears on the last page of the Promissory Note.[1] (Id. at 4.) Akins also executed a deed of trust that identified WMC as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and as the beneficiary of the deed of trust (the "Deed of Trust"). (ECF No. 9-3 at 1-2.)

On June 14, 2009, Akins filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for

---

[1] When a note is endorsed in blank, it "becomes payable to [the] bearer." Tenn. Code Ann. § 47-3-205(b). U.S. Bank currently has possession of the Promissory Note. (ECF No. 9-1 at 3.)

the Western District of Tennessee. (See Bankr. ECF No. 1.)[2] On July 31, 2009, Chase Home Finance LLC ("Chase") filed a proof of claim. (ECF No. 9-5.) Chase represented that it was filing "as servicing agent for U.S. Bank National Association, MERS as nominee." (Id. at 1.) The claim amount was $69,664.17, including $12,672.65 in arrears. (Id.) Chase attached copies of the Promissory Note and the Deed of Trust to the claim. (Id. at 3-25.) Akins did not object to Chase's proof of claim. See Docket Sheet for In re Akins, No. 09-26363-DSK (Bankr. W.D. Tenn.). On September 4, 2009, the Bankruptcy Court confirmed the Chapter 13 plan. (Bankr. ECF No. 14.) Based on Akins's failure to make plan payments, however, the Bankruptcy Court dismissed the bankruptcy case on August 5, 2010. (Bankr. ECF No. 24.)

On August 4, 2015, MERS executed a Corporate Assignment Deed of Trust assigning the Deed of Trust to "U.S. Bank National Association as trustee for J.P. Morgan Mortgage Acquisition Trust, 2006-WMC3, Asset Backed Pass-Through Certificates, Series 2006-WMC3 . . . ." (ECF No. 9-7 at 1.) On October 10, 2018, Akins filed his Complaint in the Tennessee Chancery Court for the Thirtieth Judicial District at Memphis. (ECF No. 1-1.) Akins disputed the legality of the assignment of the Deed of

---

[2] Citations to (Bankr. ECF No. ##) refer to Akins's 2009 bankruptcy proceeding, In re Akins, No. 09-26363-DSK (Bankr. W.D. Tenn.).

3

Trust and contended that U.S. Bank has no authority to foreclose on his home. (See generally id.) He brought claims for fraud and wrongful foreclosure. (Id.) On October 18, 2018, U.S. Bank removed Akins's suit to this Court. (ECF No. 1.)

On April 4, 2019, the Court granted U.S. Bank's motion to dismiss Akins's claims on res judicata grounds. (ECF No. 25.) The Court found that Akins's claims were barred because the Bankruptcy Court had previously recognized that U.S. Bank had a legal right to receive payments on Akins's mortgage loan. (Id. at 10-17.)

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) provides enumerated grounds for relief from final judgment. "Relief under Rule 60(b)[] is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" Doe v. Lexington-Fayette Urban Cty. Gov't, 407 F.3d 755, 760 (6th Cir. 2005) (quoting Waifersong Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992)). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." Info-Hold, Inc. v. Sound Merch., Inc., 538 F.3d 448, 454 (6th Cir. 2008).

Rule 60(b)(2) allows relief from final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

4

under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that the newly discovered] evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (quotation marks and citation omitted).

Rule 60(b)(6) allows relief from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is "a catchall provision" that "should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]." West v. Carpenter, 790 F.3d 693, 696-97 (6th Cir. 2015); Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (quotation marks and citation omitted). "Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original) (quotation marks and citation omitted).

A motion for leave to amend a complaint is typically governed by Rule 15(a)(2), which provides for amendment "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

5

However, "[w]hen a party seeks to amend a complaint after an adverse judgment, it . . . must meet the requirements for reopening a case established by Rules 59 or 60." Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010). "[U]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint." In re Ferro Corp. Derivative Litig., 511 F.3d 611, 624 (6th Cir. 2008) (quoting Acevedo-Villalobos v. Hernandez, 22 F.3d 384, 389 (1st Cir. 1994)).

**III. Analysis**

    **A.    Motion for Relief from Judgment**

Akins moves for relief from judgment under Rule 60(b)(2) and Rule 60(b)(6). (ECF No. 27.) He alleges that the endorsement in blank that appears on Akins's Promissory Note is a "forgery." (Id. at 3.) Akins attaches an April 24, 2019 declaration by Alex Arguello (the "Declaration"), the WMC secretary whose signature purportedly appears on the endorsement in blank. (ECF No. 30; see also ECF No. 9-2 at 4.) In the Declaration, Arguello declares that he "ha[s] never seen this promissory note," that he "ha[s] no recollection of ever having reviewed [Akins's] loan file with WMC," and that he "did not sign the document which bears a stamped signature of [his] name, nor [did he] authorize[] anyone to sign [his] name to the document." (ECF No. 30 ¶ 5.)

6

### 1. Rule 60(b)(2)

Akins argues that the Court should dismiss the judgment because the Declaration is "newly discovered evidence" under Rule 60(b)(2). (ECF No. 27 at 4-9.)

Rule 60(b)(2) applies only to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); see also Good, 149 F.3d at 423 (noting that a party moving for relief from judgment under Rule 60(b)(2) "must demonstrate [] that it exercised due diligence in obtaining the information"); Pierce v. United Mine Workers of Am. Welfare and Ret. Fund for 1950 and 1974, 770 F.2d 449, 451 (6th Cir. 1985) (reversing district court's dismissal of judgment under Rule 60(b)(2) because affidavits and other evidence "clearly could have been discovered and submitted in time to move for a new trial"). Rule 59(b) allows a party to "mo[ve] for a new trial . . . no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b).

Where, as here, a party challenges a judgment resulting from dismissal at the motion-to-dismiss or summary judgment stage, the question is whether the party could have discovered the evidence in time to file a motion to alter or amend the judgment under Rule 59(e), which is governed by the same time

7

limitation as a motion for new trial under Rule 59(b).[3]  See Flynt v. Brownfield, Bowen & Bally, 726 F. Supp. 1106, 1110-11 (S.D. Ohio 1989) (noting that a plaintiff who files a Rule 60(b)(2) motion after the court grants summary judgment must show that "an exercise of due diligence . . . would not have given the plaintiffs an opportunity to move under Rule 59(e)"); Aspen Licensing Int'l, Inc. v. Aspen Time Ltd., No. 4:07-cv-195, 2008 WL 11340324, at *2-3 (N.D. Fla. May 12, 2008) (denying Rule 60(b)(2) motion because, after the court granted defendants' motion to dismiss and entered judgment, the plaintiff "actual[ly] discovere[d] [] th[e] evidence prior to the deadline for filing a Rule 59(e) motion") (emphasis omitted); see also Dronsejko v. Thornton, 632 F.3d 658, 670 (10th Cir. 2011) (noting that, when "Plaintiffs s[eek] relief from an order dismissing the case, not from the result of a trial," the "required showing under Rule 60(b)(2) remains the same").

The Court granted U.S. Bank's motion to dismiss and entered judgment on April 4, 2019.  (ECF Nos. 25-26.)  The deadline for Akins to file a motion to alter or amend the judgment was 28 days later, on May 2, 2019.  See Fed. R. Civ. P. 59(e).  In his Motion for Relief from Judgment, Akins asserts that "the

---

[3] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

8

Declaration of Alex Arguello could not have been discovered in time to move under Rule 59 for a reconsideration of the dismissal." (ECF No. 27 at 4-5.) However, the Declaration is dated April 24, 2019, eight days prior to May 2, 2019. (ECF No. 30.) Akins identifies April 24, 2019, as "[t]he date when [he] became aware of the problem" of the alleged forgery of the Promissory Note. (ECF No. 27 at 5.) Not only could the Declaration have been discovered in time for Akins to file a Rule 59(e) motion, it was discovered in time. Akins does not meet the standard for relief from judgment under Rule 60(b)(2). See Gould v. Wood/Chuck Chipper Corp., 229 F.3d 1151 (6th Cir. Aug. 25, 2000) (unpublished table opinion) (affirming denial of Rule 60(b)(2) motion because plaintiff obtained the "newly discovered evidence" two days prior to the deadline to file a Rule 59(b) motion and "show[ed] no reason why he could not have filed his motion within the Rule 59(b) time limit"); Rhoden v. Campbell, 202 F.3d 269 (6th Cir. Dec. 10, 1999) (unpublished table opinion) (affirming denial of Rule 60(b)(2) motion because "plaintiff [] failed to show that by due diligence, he could not have obtained the 'newly discovered' evidence . . . in time to move for a new trial under Rule 59(b)"). Relief from judgment is not warranted under Rule 60(b)(2).

### 2. Rule 60(b)(6)

Akins argues that the Court should "exercise its equitable powers" under Rule 60(b)(6) and dismiss the judgment because "U.S. Bank should not be able to profit from the use of a forged endorsement." (ECF No. 27 at 9-11.)

Rule 60(b)(6) allows a court to dismiss a judgment in "unusual and extreme situations where principles of equity mandate relief." Olle, 910 F.2d at 365 (emphasis in original). "Rule 60(b)(6) motions are appropriate to remedy fraud by a third-party witness." Mac Sales Inc. v. E.I. duPont de Nemours and Co., 121 F.3d 703 (5th Cir. July 7, 1997) (unpublished table opinion) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2864 (1995)); see also Demjanjuk v. Petrovsky, 10 F.3d 338, 356 (6th Cir. 1993) (recognizing "a court's inherent power to grant relief, for 'after-discovered fraud,' from an earlier judgment") (quoting Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 244 (1944)).

Akins raises legitimate concerns about the validity of the Promissory Note's endorsement in blank. The endorsement in blank appears to bear the signature of "Alex Arguello, Asst. Sect.[,] WMC Mortgage Corp." (ECF No. 9-2 at 4.) Arguello states unequivocally in the Declaration that he has never seen the Promissory Note and did not sign it. (ECF No. 30 ¶ 5.) Akins does not allege that any particular person or entity forged

10

Arguello's signature. However, Arguello's statements in the Declaration raise concerns about whether someone may have forged his signature. Courts have granted relief from judgment under Rule 60(b)(6) in cases involving similar facts. See United States v. Courageux, No. 13-cv-80391, 2014 WL 197729, at *1-2 (S.D. Fla. Jan. 9, 2014) (granting Rule 60(b)(6) motion because of concerns about whether defendant's signature on student loan promissory note was forged); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 266-67 (4th Cir. 1993) (reversing district court's denial of Rule 60(b)(6) motion brought by administratrix of decedent's estate in loan default action because of concerns about whether decedent "sign[ed] the loan documents or authorize[d] someone to sign on his behalf").

Although Akins's concerns about forgery are colorable, mitigating facts in the record greatly lessen those concerns. In his 2009 bankruptcy, Akins raised no objection to Chase's proof of claim on his mortgage loan, and the Bankruptcy Court incorporated that proof of claim into Akins's Chapter 13 plan. (Bankr. ECF No. 14.) Akins does not assert that the signatures on the Promissory Note and the Deed of Trust are not his. He does not argue that there is a risk of double recovery on his mortgage loan. He does not allege that WMC, or any creditor other than U.S. Bank, has attempted to collect on the loan. He does not allege that he has already paid down the loan. Akins's

concerns about the validity of the Promissory Note's endorsement in blank notwithstanding, the record demonstrates that only one creditor -- U.S. Bank -- has asserted itself as the holder of Akins's mortgage debt and that Akins previously accepted U.S. Bank's creditor status in another court proceeding. Taken as a whole, the facts in the record do not give rise to the "unusual and extreme situation[]" necessary for dismissal of a judgment under Rule 60(b)(6). Olle, 910 F.2d at 365; see also Blue Diamond Coal, 249 F.3d at 529 (noting that "the decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts") (quotation marks and citation omitted). Justice has been done in this case. Relief from judgment is not warranted under Rule 60(b)(6).

**B. Motion to Amend Complaint**

Akins moves for leave to file a post-judgment amended complaint. (ECF No. 28.)

"[O]nce judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." In re Ferro Corp., 511 F.3d at 624 (quoting Nat'l Petrochem. Co. v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991)). Akins has not met the

12

standard for post-judgment relief under Rule 60(b). His motion for leave to amend must be denied. See id. (noting that "the district court lacks power to grant a motion to amend the complaint" unless it first grants "postjudgment relief").

**IV. Conclusion**

For the foregoing reasons, Akins's Motion for Relief from Judgment and Motion to Amend the Complaint are DENIED.


So ordered this 17th day of December, 2019.

        /s/ *Samuel H. Mays, Jr.*
        Samuel H. Mays, Jr.
        UNITED STATES DISTRICT JUDGE